AMANDA HARMON, Respondent, v. FOWLER PACK-ING COMPANY, Appellant.

Kansas City Court of Appeals, March 2, 1908.

1. ROADS AND HIGHWAYS: Law of the Road:   Ordinance: Construction.   An ordinance of a city required meeting vehicles to keep to the right; that is to the right of the center line of the traveled road or passway and not the center line of the paved street or right of way.

2. ———: Negligence: Collision: Burden of Proof: Demurrer to the Evidence.   The burden is on a party claiming his vehicle was negligently injured in passing another to show more than the accident and resulting injury; but when the driver of a buggy shows he stopped and waited for a heavy wagon to pass, by which his buggy was struck, the fact of the collision will support an inference of negligence, since the driver of the wagon had no right to run into the stationary buggy whether it was standing on the right or the wrong side of the way or whether there was room to pass or not; and a demurrer to the evidence is held properly overruled.

Appeal from Jackson Circuit Court.—*Hon. John G. Park*, Judge.

AFFIRMED.

*Webster, Gilmer & Crowley* for appellant.

(1)  Appellant's instruction directing a verdict in its favor, ought to have been given, as there was no evidence of negligence on the part of appellant's driver, and negligence could not be inferred from the mere fact of the collision.   Lee v. Jones, 181 Mo. 291, 298; Carvin v. St. Louis, 151 Mo. 345; Yarnell v. Railroad, 113 Mo. 580; Breen v. Cooperage Co., 50 Mo. App. 214.   (2) The court ought to have given appellant's instruction

to the effect that appellant's driver had the right to assume that the city ordinance governing the passing of vehicles would be observed by other drivers, and to act on that assumption. Weller v. Railroad, 164 Mo. 180, 199; Petty v. Railroad, 88 Mo. 306; Crumpley v. Railroad, 111 Mo. 152; Jennings v. Railroad, 112 Mo. 490; Sullivan v. Railroad, 117 Mo. 214. (3) The court ought to have given appellant's instruction to the effect that if at the time of the collision the respondent was violating a city ordinance concerning the passing of vehicles, and that such violation contributed directly to such collision, then the verdict should be for appellant. The words "Provided you further believe from the evidence that the plaintiff was not in the exercise of ordinary care in being at that place when the collision occurred," ought not to have been added by the court. (4) The court ought not to have given respondent's instruction to the effect that if respondent was on the wrong side of the street at the time of the collision this would not of itself necessarily constitute negligence on her part, unless it further appeared from all the facts and circumstances that she was negligent in being on the wrong side of the street at the time. Weller v. Railroad, 120 Mo. 635; Beckerle v. Weiman, 12 Mo. App. 354; Schoenlau v. Friese, 14 Mo. App. 436; Zumault v. Railroad, 175 Mo. 312; Doerr v. Brewing Assn., 176 Mo. 556.

*Henry J. Latshaw, Milton J. Oldham* and *Jesse E. James,* for respondent.

(1) The court properly refused appellant's instruction to the effect that appellant's driver had a right to depend upon plaintiff driving according to a certain ordinance of Kansas City, Missouri. Mockowik v. Railroad, 196 Mo. 571; Nixon v. Railway, 141 Mo. 439; Reno v. Railway, 180 Mo. 483; Powers v. Transit Co., 100 S. W. 655. (2) Said ordinance does not apply where the

driver of the vehicle was turning a corner to go south— and not driving on the wrong side of the street.    Yore v. Co., 147 Mo. 679; Berkele v. Weiman, 12 Mo. App. 354. (3)    The court properly refused appellant's instruction. It was not negligence, as a matter of law, for plaintiff, under the circumstances in this case, to turn south across this street.    Yore v. Co., 147 Mo. 679; Beckerle v. Weiman, 12 Mo. App. 354.    (4)    Respondent's instruction given by the court was proper.    Yore v. Co., 147 Mo. 679; Beckerle v. Wieman, 12 Mo. App. 354.

JOHNSON, J.—Action to recover damages for personal injuries alleged to have been caused by the negligence of defendant.    Plaintiff had judgment in the sum of five hundred dollars and the cause is here on the appeal of defendant.    It is urged by defendant that the facts in evidence, even when considered in the light most favorable to plaintiff do not show negligence on the part of defendant in the respects alleged in the petition, but do convict plaintiff of negligence which directly caused her injury.

Plaintiff was injured about eight o'clock in the morning on June 2, 1906, at the crossing of Nineteenth street and Grand avenue—public streets in Kansas City. She was driving a horse hitched to a single seated buggy and was on her return from her husband's place of business.    Grand avenue and Nineteenth street both are paved and are much used by the public.    The former runs north and south, the latter east and west. Two street car tracks are laid in the roadway of Grand avenue and one in Nineteenth street.    Plaintiff approached the intersection of the streets from the east.    She drove along the north side of the car track on Nineteenth street and was intending to cross Grand avenue and continue westward, her destination being some blocks southwest of that crossing, but on discovering that the street railway company, in repairing its tracks on Grand avenue, had

thrown up in the street a ridge of dirt and paving material, perhaps sixty feet in length and three or four feet high, the south end of which was south of the Nineteenth street car track, she changed her course and turned towards the southwest, intending to go in that direction until she rounded the obstruction, thence over to the west side of Grand avenue and thence south to Twentieth street.

We judge from the testimony of the witnesses that the space between the corner of the sidewalk at the southeast corner of the said intersection and the obstruction was approximately fifteen feet—wide enough for two vehicles to pass each other without colliding. To use this passageway, plaintiff necessarily had to go south of the middle line of Nineteenth street and was south of that line when the injury occurred, but on the right hand side of the passageway we have described. A heavy meat wagon drawn by two horses and owned by defendant was being driven eastward on Nineteenth street. In crossing Grand avenue, its driver bore towards the south to go around the obstruction and then turned northeastwardly to resume his course on the south side of Nineteenth street. He met plaintiff near the south end of the ridge. To avoid the possibility of collision, she stopped her horse and waited for the wagon to pass. It came on at a brisk trot and in passing, the hub of the left hind wheel of the wagon struck the left fore wheel of the buggy and demolished it. Plaintiff's horse took fright and, despite her efforts at control, ran away and in the wreck of the buggy which followed, plaintiff sustained severe injuries. The description of the occurrence given by the witnesses for defendant differs from that of plaintiff with respect to the speed of the wagon and to the fact that the buggy had stopped before the collision. They say the horses attached to the wagon were traveling in a walk and that plaintiff's horse likewise was walking. The driver admits he first saw plaintiff ap-

proaching when he started to round the pile of dirt.    He testified in part as follows: "I seen the lady coming across this way and of course I was going out this way. Q.   You were going east?   A.   Yes, sir.   Q.   She was going southwest?   A.   Yes, sir, and I kinda looked ahead for my stopping place, and the first thing I heard. I heard a noise and I turned around and there she was going—just turning Grand avenue then and the front wheel was down on the buggy. . . .   Q.   Now, then, when she was directly north of you, what was the distance between the front part of her buggy and the front part of your wagon?   A.   Well, it must have been, I guess, five or six feet; she was just coming over the Nineteenth street cable track when I was on the south side of the cable track."

Defendant introduced in evidence an ordinance of the city which provides: "In all cases where persons meet each other in vehicles in any street, avenue, alley or other public place in this city, each person so meeting shall turn to the right of such street, avenue, alley or other public place so as to enable such vehicles to pass each other without collision."   It is the contention of defendant that plaintiff violated this ordinance by crossing over to the left of the car track on Nineteenth street and thereby placing her vehicle on the wrong side of that street; and, further, it is argued that the driver was entitled to indulge in the presumption that she would not disobey the ordinance and, acting on that presumption, should not be pronounced negligent on account of a collision which would not have occurred but for plaintiff's invasion of his side of the street.

The rule declared in the ordinance is the same as that prescribed in section 9458, Revised Statutes 1899, and means that when two vehicles going in opposite directions meet on the public highway, the driver of each must drive to the right of the central line of the roadway.   That line is the one that bisects the middle line

of the usable road and, therefore, is not necessarily the middle line of the paved or dedicated street or road. Where on account of obstructions a part of the paved or dedicated street is made impassable, the road, in the meaning of the statute and ordinance, refers to the remaining passable way.   According to the interpretation of counsel for defendant, had all of Nineteenth street north of the car track been made impassable by obstructions to a distance of half a mile or more, plaintiff could not have driven west on the south side of that street without violating the law of the road and thus depriving herself of any rights which defendant was bound to respect.   Obviously, this position is unsound.   Plaintiff had the right to use any street open to use and to use the passage way described and as long as she kept to the right of the central line of that way, she duly observed the rule of the statute and ordinance, though such use threw her south of the dividing line of Nineteenth street and on the east side of Grand avenue.

All of the evidence indisputably shows that plaintiff conducted herself in obedience to the proper rule and we turn to consider the conduct of the driver of the wagon to ascertain if the evidence of plaintiff accuses him of negligence.   We concede that to sustain her burden of proof, plaintiff was required to do more than merely to show the happening of an accident and a resultant injury.   It devolved on her to adduce facts and circumstances from which an inference of negligence on the part of defendant's driver reasonably would arise. This she has done.   If, as she says, she stopped her horse and waited for defendant to pass, the fact that the collision occurred, of itself, will support an inference of negligence.   Knowing of her presence, the driver of the wagon had no right to run into the stationary buggy whether it was standing on the right or wrong side of the way and whether or not he had room to pass; and, on the hypothesis that the buggy was in its proper place,

plaintiff being free from blame, the collision could have occurred only from the careless driving of defendant's servant and defendant should be held liable for the injurious consequences. No error was committed in overruling the demurrer to the evidence.

What has been said disposes of the objections of defendant to the instructions given the jury. The cause was fairly tried and manifestly, the judgment is for the right party. Affirmed. All concur.